UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ARIYEN FLAKES,<br><br>Defendant. | CASE NO. 1:14-cr-00214<br><br>OPINION & ORDER<br>[Resolving Doc. 1110] |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Ariyen Flakes moves for compassionate release under 18 U.S.C. § 3582.[1] He says the Court should reduce his sentence due to his overlong sentence and COVID-19. The Government opposes.[2]

For the following reasons, the Court **GRANTS** Defendant Flake's motion for compassionate release.

I.  Background

On November 13, 2014, Defendant Flakes pleaded guilty to conspiracy to possess with intent to distribute and to distribute heroin.[3] Flakes was on supervised release for a prior offense at the time.[4]

On February 23, 2015, the Court sentenced Flakes.[5] The Court found that Flakes's

---

[1] Flakes, acting pro se, filed a motion for compassionate release, a supplemental letter, an amended motion for release, and a letter. Docs. 1110, 1113, 1114, and 1133. Flakes's counsel filed two supplements to the motion for compassionate release and a reply. Docs. 1118, 1122, and 1130.
[2] Doc. 1120.
[3] Doc. 372.
[4] Doc. 947 at 4, 14.
[5] Doc. 947.

Case No. 1:14-cr-00214
Gwin, J.

base offense level was 22 and the adjusted offense level also 22.[6]

However, the Court also found Flakes to be a career offender, based on three earlier drug trafficking convictions in Cuyahoga County and one in the Northern District of Ohio.[7] The career offender enhancement raised Flakes's offense level to 32.[8]

After subtracting 3 points for acceptance of responsibility, the Court set Flakes's final offense level at 29.[9]

The Court found Flakes to have a criminal history category of VI based on his criminal history and, separately, his career offender status.[10]

Flakes's offense level and criminal history category resulted in a guideline range of 151 to 188 months' imprisonment.[11] The Court sentenced Flakes to 120 months' imprisonment and three years of supervised release.[12]

II. Discussion

Flakes moves for compassionate release.[13] He says that relief should be granted because Elkton is experiencing a severe COVID-19 outbreak and because, if sentenced today, his sentence would be significantly shorter.[14] Additionally, on June 25, 2020, Flakes's counsel reported that Flakes had tested positive for COVID-19.[15] The Government opposes.[16]

---

[6] *Id.* at 3.
[7] *Id.*
[8] *Id.* at 4.
[9] *Id.*
[10] *Id.*
[11] *Id.* at 16.
[12] Doc. 533.
[13] *Id.*
[14] Doc. 1118 at 5-7.
[15] Doc. 1130.
[16] Doc. 1120.

Case No. 1:14-cr-00214
Gwin, J.

### A. Exhaustion

The Court may modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.[17] Flakes states that he requested compassionate release from the Elkton Warden on April 5, 2020.[18] On April 22, 2020, Flakes received a letter from the Elkton Warden denying his request.[19] Because more than 30 days have expired since Wise's request, he has satisfied the exhaustion requirement.

### B. Eligibility

To grant compassionate release, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[20] The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553.[21]

The applicable policy statement instructs that extraordinary and compelling reasons for a sentence reduction fall into four categories: (i) medical conditions, (ii) age, (iii) family circumstances, and (iv) other reasons.[22]

Flakes's compassionate release motion implicates the (iv) other reasons category. Courts have described the Sentencing Commission's policy statement's "other reasons" category as a "catch-all provision."[23] The "other reasons" category says that a sentence reduction may be appropriate if "an extraordinary and compelling reason other than, or in

---

[17] 18 U.S.C. § 3582(c)(1)(A)(i).
[18] Doc. 1114.
[19] Doc. 1113-2.
[20] 18 U.S.C. § 3582(a)(1)(A).
[21] *Id.*
[22] USSG § 1B1.13 cmt. n.1.
[23] *E.g., United States v. Brown*, No. 4:05-CR-00227-1, 2020 WL 2091802, at *5 (S.D. Iowa Apr. 29, 2019).

-3-

Case No. 1:14-cr-00214
Gwin, J.

combination with, the reasons described" in the first three categories exists.[24]

Flakes raises two arguments why his compassionate release motion should be granted under this catch-all provision: COVID-19 and his overlong sentence.

The Court finds that the risk of COVID-19 in combination with Flakes's overlong sentence constitute "extraordinary and compelling" reasons justifying compassionate release under § 3582(c)(1)(A)(i). Although Flakes is not among those particularly vulnerable to the virus, the institution he is incarcerated at—FCI Elkton—has been heavily affected by COVID. And Flakes's counsel reported that Flakes already tested positive for the virus.[25]

Most compelling, however, is that if Flakes were sentenced today his sentence would be significantly shorter. As explained above, at the time of his 2015 sentencing, Defendant Flakes's sentencing guideline range was 151 to 188 months, and the Court sentenced him to 120 months.[26] However, under the law today, Flakes would face a guidelines range of 63 to 78 months.[27]

Flakes sentencing range would be lower today because under the current law Flakes would no longer qualify as a career offender. A defendant qualifies as a career offender if (1) he was eighteen or older at the time of the instant offense; (2) the instant offense was a

---

[24] USSG § 1B1.13 cmt. n.1. The policy's "Other Reasons" category is outdated in that it still assumes compassionate release "may by granted only upon motion by the Director of the Bureau of Prisons." *Brown*, 2020 WL 2091802 at *5 (quoting USSG § 1B1.13 cmt. n.1). Because this is no longer the law with the First Step Act, which allows defendants to seek relief directly from the court, the outdated policy leaves "district courts in a conundrum." *Id.* (describing that Congress now allows district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission, but the Commission "has not made the policy statement for the old regime applicable to the new one"). This Court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant" compassionate release. *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019) (citation omitted) (collecting cases).
[25] Doc. 1130.
[26] Doc. 947.
[27] Without the career offender enhancement, Flakes's offense level would have been 19, instead of 29.

-4-

Case No. 1:14-cr-00214
Gwin, J.

crime of violence or a controlled substance offense; and (3) the defendant had at least two prior felony convictions of a crime of violence or a controlled substance offense.[28]

The third factor is relevant here. At sentencing the Court found Flakes to be a career offender based on three state and one federal qualifying convictions.[29] However, since Flakes's sentencing, the Sixth Circuit has clarified that attempt offenses cannot serve as the basis for career offender status.[30] At least two of Flakes's state convictions were for "sell[ing] or offer[ing] to sell" drugs, that the Sixth Circuit has held to be a non-qualifying attempt offense.[31] Flakes's federal conviction was for conspiracy to sell drugs, which the Sixth Circuit has also found does not qualify.[32]

Because these three convictions no longer count toward career offender status, if sentenced today, Flakes would not be considered a career offender, and the low end of his sentencing range would be less than half of what it was at the time of his 2015 sentencing.

Considering this sentencing disparity and COVID-19 risks at Elkton, the Court finds extraordinary and compelling grounds to reduce Flakes's sentence. Granting compassionate release here also accords with 18 U.S.C. § 3553(a).

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Flakes's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Court reduces Flakes's sentence to time served. Flakes's term of supervised release remains at three years, subject to the terms

---

[28] USSG § 4B1.1.
[29] Doc. 947 at 3.
[30] *United States v. Havis*, 927 F.3d 382, 386-87 (6th Cir. 2019) (en banc), *recon. denied* 929 F.3d 317.
[31] *United States v. Cavazos*, 950 F.3d 329, 336 (6th Cir. 2020).
[32] *United States v. Stephens*, No. 19-5046, 2020 WL 3968307, at *1 (6th Cir. July 14, 2020); *United States v. Butler*, No. 19-1587, 2020 WL 2126465, at *3 (6th Cir. May 5, 2020).

Case No. 1:14-cr-00214
Gwin, J.

imposed at sentencing.[33]

Furthermore, the Court orders the Bureau of Prisons to take measures, including a 14-day pre-transfer quarantine, to ensure that Flakes is free of COVID-19 prior to his release.

IT IS SO ORDERED.

Dated:  July 20, 2020                    *s/      James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE

---

[33] *See* Doc. 540.

-6-